IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WATTS,

        Plaintiff,                  No. CIV S-07-2783 FCD GGH P

   vs.

R. MOORE, et al.,

        Defendants.         ORDER

_____/

          This civil rights action was dismissed with prejudice in a stipulation and order, filed on August 31, 2009. Docket # 31. Thereafter, "a report of pro se prisoner early settlement proceeding" was filed on September 16, 2009, indicating that there had been a settlement conference in this matter, on August 18, 2009, and the case had been "completely settled," but the agreement is in no way detailed. Docket # 32. Although the terms of the settlement are not therein revealed, plaintiff, by filing dated October 28, 2009 (docket # 33), included a copy of one page of a three-page "settlement agreement and mutual release," stating, inter alia, that CDCR is to pay plaintiff a total of ten thousand dollars (also included with the second notice/motion filed by plaintiff on January 14, 2010 (docket # 34). Of that amount, plaintiff has now twice informed the court that he has, to date, only received a portion of what is due him. Plaintiff has also provided notice to defendants' counsel, Deputy Attorney General Rebecca Bach, as of December

1

12, 2009, of the shortfall, but has yet to hear any response. Docket # 34.

There is no evidence whatever that the court has retained subject matter jurisdiction in this case; in fact, the joint dismissal of this matter with prejudice indicates otherwise, and nothing in the portion of the settlement agreement provided by plaintiff would lead to any other conclusion. In a similar scenario, where a stipulation and order of dismissal with prejudice was entered in federal district court with no reference therein to any settlement agreement, much less any statement reserving jurisdiction in the district court to enforce the settlement agreement, the Supreme Court determined that enforcement of the settlement agreement requires its own jurisdictional basis. Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675- 76 (1994). What is implicated by plaintiff in the instant notices is:

> [A] claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.

Kokkonen, supra, at 381, 114 S. Ct. at 1677.

Had the parties wished "to provide for the court's enforcement of a dismissal-producing settlement agreement," they could have sought to do so. Id. If plaintiff wishes to proceed on a state law claim of breach of contract, he cannot do so in this federal court.

Accordingly, IT IS ORDERED that, there being no subject matter jurisdiction for plaintiff's recent filings at Docket # 33 and Docket # 34, construed as motions to enforce a settlement agreement, they must be denied as inapposite.

DATED: February 3, 2010 /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009 - watt2783.ord3

2